**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
ONE CHURCH STREET, SUITE B-110
MONTGOMERY, AL 36104-4018

OFFICIAL BUSINESS

RETURN TO SENDER

MONTGOMERY AL 360
US OFFICIAL MAIL  10/15/2024
16 OCT 2024 PM
DOLLAR PENALTY
FOR PRIVATE USE

RECEIVED
2024 OCT 30 A 11: 13

FIRST-CLASS MAIL
IMI
US POSTAGE $00.69
ZIP 36104
041L11240889

NIXIE    352  FE 1              0010/25/24
         RETURN TO SENDER
    NOT DELIVERABLE AS ADDRESSED
           UNABLE TO FORWARD
BC: 36104401801      *2539-05246-16-37

*Inmate no longer here*

Case: 1:24cv612

DeAndre D. Currington AIS269990
 DALE COUNTY JAIL
Dale County Jail
P O Box 279
Ozark, AL 36360

---

IF YOU ARE NOT an attorney, this notice concerning registration DOES NOT APPLY TO YOU.
Should you have questions about your case, please call us at 334.954.3600.

NOTICE TO ATTORNEYS

IF YOU ARE AN ATTORNEY OF RECORD:    Electronic Noticing is MANDATORY for all
attorneys who practice in the District Court for the Middle District of Alabama.

By order of the court (General order 04-3164) Electronic Noticing is
mandatory for all attorneys who wish to practice in this district.

ATTORNEYS, If you have received this notice by mail, you have not yet
complied with this order, according to our records. Please register
IMMEDIATELY!

To request electronic filing privileges with the court,
navigate to PACER at: https://pacer.uscourts.gov/file-case/get-ready-nextgen-cmecf
then follow the instructions provided.

If you need help with our on-line Case Management/Electronic Case Files (CM/ECF) system or
want to schedule training, please call 334.954.3935 for our help desk.

For all questions not related to the electronic system, please call 334.954.3600.

Thank you!

Office of the Clerk
US District Court
Middle District of Alabama

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEANDRE CURRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-612-ECM-JTA |
| | ) |
| COMMANDER JUNEAU, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff DeAndre Currington, an inmate at the Dale County Jail in Ozark, Alabama, proceeding pro se, filed this action using this Court's standard form for complaints brought under 42 U.S.C. § 1983. Doc. No. 1. Plaintiff also moves to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. No. 2. For the reasons below, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion (Doc. No. 2) be DENIED and that his Complaint (Doc. No. 1) be DISMISSED without prejudice.

**II. DISCUSSION**

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action *in forma pauperis* if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of §

1915(g) who is not under "imminent danger" of serious physical injury "must pay the full filing fee at the time he *initiates* suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original). The Court should therefore dismiss a prisoner's complaint without prejudice when it "denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id.*

Plaintiff has filed many civil actions in federal court while incarcerated.[1] Review of court records establish that Plaintiff has accumulated at least three strikes under § 1915(g).[2] *See Currington v. Blackwell*, Civil Action No. 1:15-cv-533-WKW-SRW (M.D. Ala. 2015) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief); *Currington v. Soltys*, Civil Action No. 1:23-cv-157-RAH-CSC (M.D. Ala. 2023) (dismissed under 28 U.S.C. § 1915A(b)(1) as malicious); and *Currington v. Olson*, No. 1:23-cv-457-ECM-KFP (M.D. Ala. 2023) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous). These summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

Since Plaintiff has three strikes, he cannot proceed *in forma pauperis* unless his Complaint shows that he was in "imminent danger of serious physical injury" at the time of filing. In assessing whether a plaintiff satisfies this burden, the Court looks at whether the Complaint, as a whole, alleges such imminent danger. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768,

---

[1] *Available at* https://pacer.login.uscourts.gov.

[2] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Munoz*, 112 F.4th 923 (11th Cir. 2024).

2

770-71 (11th Cir. 2018) (explaining that facts must not be asserted in a vague or conclusory manner and must show that the inmate-plaintiff was in imminent danger of serious physical injury at the time he filed his complaint). "General allegations ... not grounded in specific facts . . . indicat[ing] that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.*, No. 3:06CV275/LAC/EMT, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff files suit against Chris Juneau, Dustin Folk, and Michael Bryant of the Ozark Police Department. Plaintiff alleges that in June 2022 Officer Folks supplied false information to a Magistrate Judge to obtain an arrest warrant for Plaintiff, Defendants used excessive force to arrest him, and Defendants' actions caused him to be falsely imprisoned. Doc. No. 1 at 2–3. The Court has reviewed the claims in the Complaint. Even construing all allegations in favor of Plaintiff, his claims do not entitle him to avoid the bar of § 1915(g) because, as a whole, they do not demonstrate he was under "imminent danger of serious physical injury" when he filed this action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *See O'Connor v. Backman*, 743 F. App'x 373, 375 (11th Cir. 2018) (citing *Brown*, 387 F.3d at 1350); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed in forma pauperis must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (explaining that the imminent danger exception is available "for genuine emergencies," where "time is

pressing," "[w]hen a threat or prison condition is real and proximate," and "when the potential consequence is 'serious physical injury.'").

Consequently, Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this Complaint is due to be dismissed without prejudice under 28 U.S.C. § 1915(g).

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) be DENIED.

2. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice.

It is further ORDERED that by **October 30, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and is therefore not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Resol. Tr. Corp.,*

4

*v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th CIR. R. 3-1.

DONE this 15th day of October, 2024.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE